UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM FLETCHER,<br><br>    Petitioner,<br><br>v.<br><br>STATE OF IDAHO,<br><br>    Respondent. | Case No. 1:21-cv-00100-CWD<br><br>**INITIAL REVIEW ORDER** |

  Petitioner William Fletcher, a former Idaho prisoner who is now on parole,[1] has filed a Petition for Writ of Habeas Corpus challenging his 2013 state court conviction for injury to a child. Dkt. 1. All parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. 7.

  The Court now reviews the Petition to determine whether it is subject to summary dismissal under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

---

[1] *See* https://www.idoc.idaho.gov/content/prisons/offender_search, *Idaho Dep't of Corr. Offender Search*, (accessed March 17, 2021).

INITIAL REVIEW ORDER - 1

# REVIEW OF PETITION

1.  **Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). As a parolee, Petitioner remains "in custody" for purposes of § 2254. *Jones v. Cunningham*, 371 U.S. 236, 243 (1963)

The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4.

2.  **Discussion**

Petitioner previously brought a habeas corpus action in this Court challenging the same 2013 conviction. *See Fletcher v. Blades*, Case No. 1:15-cv-00166-REB (D. Idaho). That petition was dismissed in part and denied in part in January of 2019. *Id.* at Dkt. 127. This Court and the Ninth Circuit Court of Appeals both declined to issue a certificate of appealability. *Id.* at Dkt. 126, 134.

Before a prisoner can file a second or successive federal habeas corpus petition challenging the same conviction, parole revocation, or sentence as in his first habeas corpus petition, he must first obtain authorization from the United States Court of Appeals for the Ninth Circuit. 28 U.S.C. § 2244(b)(3)(A); *Cooper v. Calderon*, 274 F.3d

1270, 1274 (9th Cir. 2001). Petitioner has not shown that he has obtained the required authorization from the court of appeals.

For the foregoing reasons, the Petition in this case is subject to summary dismissal.[2]

## ORDER

**IT IS ORDERED:**

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is DISMISSED without prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11.

DATED: May 17, 2021

Honorable Candy W. Dale
United States Magistrate Judge

---

[2] The Petition is also subject to dismissal for another reason—the only claims asserted in the Petition are based on Idaho state law. *See Pet.*, Dkt. 1, at 3–4. Such claims are not cognizable—meaning they cannot be heard—in a federal habeas corpus action. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law.").